**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUDITH WISCH, INDIVIDUALLY AND AS NEXT FRIEND OF J.W., A MINOR,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | No. 3:16-cv-2422 |
| **BLUE CROSS BLUE SHIELD OF TEXAS,** | § § § | |
| **Defendants.** | § § | |

## NOTICE OF REMOVAL

Defendant Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation ("BCBSTX"), hereby removes Cause No. DC-16-08409 from the 193rd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas.

### Background

1.     On July 14, 2016, Plaintiff Judith Wisch, both Individually and as Next Friend of J.W. ("Plaintiff") filed a Petition in the 193rd Judicial District Court of Dallas County, Texas against BCBSTX, in Cause DC-16-08409 (the "State Court Action").  A copy of the Petition is included within the Appendix hereto as Exhibit 3.

2.     BCBSTX was served with the citation and Petition on July 21, 2016.

3.     The Petition purports to assert three causes of action including: (a) breach of contract; (b) violations of the Texas Prompt Pay Statute; (c) violations of the Texas Insurance Code; and (d) violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").  *See* Petition at 6-8.

4.      Plaintiff seeks relief in the form of actual damages, statutory penalties, "additional and/or extra damages," and attorney's fees.  *See* Petition at 6-8.

### Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

5.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000, exclusive of interest and costs, is at stake.

6.      Plaintiff alleges that she resides in the State of Texas.  Petition at 1 (Appendix at Exhibit 3).

7.      BCBSTX is an unincorporated division of Health Care Service Corporation, which is an Illinois corporation with its principal place of business in Illinois.  *See* Appendix at Exhibit 6, MacRae Dec. ¶ 2.  Therefore, there is complete diversity between Plaintiff and Defendant in this action.

8.      Plaintiff indicates that she seeks damages of not more than $74,999.00. [1] Appendix at Exhibit 3.  However, Plaintiff also seeks, "any and all additional and/or extra damages and any and all other damages as allowed and defined by statute or common law for the knowing and intentional conduct of Defendant."  Petition at 8.  Plaintiff has alleged that her actual damages are more than $43,000. *See* demand letter, Appendix at Exhibit 5.   According to her own allegations, she seeks exemplary damages for intentional conduct and treble damages under the DTPA for "knowing" conduct.  *See* Tex. Civ. Prac. & Rem. Code 41.003; Tex. Bus. & Comm. Code 17.45(9), 17.50(b).      It is therefore apparent from an analysis of Plaintiff's allegations that the amount in controversy in this action exceeds the jurisdictional sum of

---

[1] This allegation does not comply with Tex. R. Civ. P. 47, which requires parties to specify a range of monetary relief sought.  *See* Tex. R. Civ. P. 47.

$75,000.00.  *See St. Paul Reinsurance Co, Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  Therefore, the amount in controversy is greater than $75,000.00 in this action.

### All Procedural Requirements for Removal Have Been Satisfied

9.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a true and correct copy of all process, pleadings and orders from the State Court Action which have been served upon Defendant are being filed with this Notice of Removal in the Appendix.

10.     This Notice of Removal has been filed within 30 days of the date that Defendant was served with the citation and Petition in this matter.  Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Northern District of Texas is the federal judicial district embracing the District Court of Dallas County, Texas where the State Court Action was originally filed.

### Conclusion

By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action, pursuant to Rule 12 or otherwise.  Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated:  August 19, 2016                    Respectfully submitted,


                                           By:/s/ Andrew F. MacRae
                                           ANDREW F. MACRAE
                                           State Bar No. 00784510
                                           LEVATINO|PACE PLLC
                                           1101 S. Capital of Texas Hwy
                                           Building K, Suite 125
                                           Austin, Texas 78746
                                           Tel:  (512) 637-1581
                                           Fax:  (512) 637-1583
                                           andrew@lpfirm.com

                                           Attorneys for Defendant



                        **CERTIFICATE OF SERVICE**

        I hereby certify that on August 19, 2016, I filed the foregoing Notice of Removal through
the CM/ECF system, and served a copy of the Notice of Removal on all counsel of record, as
follows:

Mark A. Ticer
mticer@ticerlaw.com
Jennifer W. Johnson
jjohnson@ticerlaw.com
10440 N. Central Expressway
Suite 600
Dallas, Texas 75231
(214) 219-4220
(214) 219-4218 (FAX)




                                    /s/ Andrew F. MacRae
                                    Andrew F. MacRae