**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUDITH WISCH, INDIVIDUALLY AND AS NEXT FRIEND OF J.W., A MINOR,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | No. 3:16-cv-2422 |
| **BLUE CROSS BLUE SHIELD OF TEXAS,** | § § § § | |
| **Defendant.** | § | |

## APPENDIX TO NOTICE OF REMOVAL

Defendant Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSTX") respectfully files the following Appendix to Notice of Removal, in accordance with Local Rule 81.1.

Exhibit 1:   Docket sheet from Cause No. DC-16-08409; Judith Wisch v. Blue Cross Blue Shield of Texas; In the 193rd Judicial District Court, Dallas County, Texas.

Exhibit 2:   Original Citation to Blue Cross Blue Shield of Texas in Cause No DC-16-08409.

Exhibit 3:   Original Petition in Cause No. DC-16-08409.

Exhibit 4:   Original Answer of Blue Cross Blue Shield of Texas in Cause No. DC-16-08409.

Exhibit 5:   April 15, 2016 demand letter (personal information redacted).

Exhibit 6:   Declaration of Andrew F. MacRae

Respectfully submitted,

By: /s/ Andrew F. MacRae
ANDREW F. MACRAE
*State Bar No. 00784510*
LEVATINO|PACE PLLC
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Tel:  (512) 637-1581
Fax:  (512) 637-1583

Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Appendix to Notice of Removal has been filed through the CM/ECF system on August 19, 2016. A copy of this Appendix to Notice of Removal has also been sent to all counsel of record, as follows:

Mark A. Ticer
mticer@ticerlaw.com
Jennifer W. Johnson
jjohnson@ticerlaw.com
10440 N. Central Expressway
Suite 600
Dallas, Texas 75231
(214) 219-4220
(214) 219-4218 (FAX)

/s/ Andrew F. MacRae
Andrew F. MacRae

## DC-16-08409 - JUDITH WISCH vs. BLUE CROSS AND BLUE SHIELD OF TEXAS

Case Number: DC-16-08409
File Date: 07/14/2016
Case Status: OPEN

Court: 193rd District Court
Case Type: OTHER (CIVIL)

PLAINTIFF : WISCH, JUDITH
Address:
C/O LAW OFFICE OF MARK A. TICER
10440 N. CENTRAL EXPRESSWAY, SUITE 600
DALLAS TX 75231

Active Attorneys
Lead Attorney:
**TICER, MARK A**
Retained
Work Phone: 214-219-4220
Fax Phone: 214-219-4218

DEFENDANT : BLUE CROSS AND BLUE SHIELD OF TEXAS
Address:
C/O REGISTERED AGENT - CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys
Lead Attorney:
**MACRAE, ANDREW FAIRLES**
Retained
Work Phone: 512-637-1581
Fax Phone: 512-637-1583

**07/14/2016 NEW CASE FILED (OCA) - CIVIL**
**07/14/2016 ORIGINAL PETITION**
  Plaintiff's Original Petition.pdf
  Civil Cover Sheet.pdf
  Comment: Plaintiff's Original Petition
**07/14/2016 ISSUE CITATION**
**07/18/2016 CITATION ISSUED**
  DC1608409.pdf
**07/18/2016 CITATION**
  Anticipated Server: ESERVE
  Actual Server: OUT OF COUNTY
  Anticipated Method:
  Returned: 07/25/2016
**07/25/2016 RETURN OF SERVICE**
  Blue Cross & Blue Shield Citation Return.pdf
  Comment: BLUE CROSS & BLUE SHIELD CITATION RETURN
**08/15/2016 ORIGINAL ANSWER - GENERAL DENIAL**
  20160815 Original Answer.pdf
**08/15/2016 SCHEDULING ORDER**
  SCHEDULING ORDER
**08/15/2016 ORDER - LIMINE**
  ORDER - LIMINE
**08/16/2016 ORDER - MEDIATION**
  ORDER - MEDIATION
  Comment: JEFF ABRAMS
**03/28/2017 Non Jury Trial**
  Judicial Officer: GINSBERG, CARL
  Hearing Time: 9:30 AM



EXHIBIT
1



Loading financial information, please wait...

Plaintiff's Original Petition.pdf
Civil Cover Sheet.pdf
DC1608409.pdf
Blue Cross & Blue Shield Citation Return.pdf
20160815 Original Answer.pdf
SCHEDULING ORDER
ORDER - LIMINE
ORDER - MEDIATION

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To: BLUE CROSS AND BLUE SHIELD OF TEXAS
C/O REGISTERED AGENT - CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701

**ESERVE**

**CITATION**

**DC-16-08409**

**JUDITH WISCH**
vs.
**BLUE CROSS AND BLUE SHIELD OF TEXAS**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JUDITH WISCH, INDIVIDUALLY AND AS NEXT FRIEND OF J.W.**

Filed in said Court **14th day of July, 2016** against

**BLUE CROSS AND BLUE SHIELD OF TEXAS**

For Suit, said suit being numbered **DC-16-08409,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of July, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By /s/ Gay Lane , Deputy
GAY LANE

ISSUED THIS
18th day of July, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
MARK A TICER
LAW OFFICE OF MARK A TICER
10440 N CENTRAL EXPRESSWAY
SUITE 600
DALLAS TX 75231
214-219-4220



**DALLAS COUNTY SERVICE FEES NOT PAID**



EXHIBIT 2

DALLAS COU
7/14/2016 1:41:1
FELICIA P
DISTRICT CL
David Hernande

CAUSE NO. DC-16-08409 _____

| | | |
|---|---|---|
| JUDITH WISCH, INDIVIDUALLY AND AS NEXT FRIEND OF J.W., *Plaintiffs* | § § § § § | IN THE DISTRICT COURT |
| V. | § § | DALLAS COUNTY, TEXAS |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, *Defendant.* | § § § § § § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Judith Wisch ("Wisch"), individually and as next friend of J.W. ("J.W."), complaining of Blue Cross and Blue Shield of Texas ("BCBS") and would show unto the Court the following:

### I.
### DISCOVERY LEVEL

Pursuant to Rule 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery should be conducted under Level 3.

### II.
### PARTIES

Judith Wisch and J.W. are residents of Dallas County, Texas.

Blue Cross and Blue Shield of Texas is a corporation with its principal place of business in Dallas County, Texas and may be served by serving its registered agent for

PLAINTIFFS' ORIGINAL PETITION

EXHIBIT 3

service of process: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## III.
## VENUE AND JURISDICTION

Venue is proper because all or a substantial part of the events or omissions giving rise to Wisch's claims occurred in Dallas County, Texas. Venue is also proper pursuant to Texas Civil Practice & Remedies Code Annotated Section 15.032 because Wisch, as a policyholder and/or insured, resided in Dallas County, Texas at the time Wisch's claims accrued. Venue may also be proper as BCBS' principal office is in Dallas County, Texas.

This Court has jurisdiction of this matter as the damages suffered by Plaintiffs as a result of the conduct and actions of Defendant exceed the minimum jurisdictional limitations of this Honorable Court. Although the total damages sought are in an amount within the jurisdictional limits of this Court, they do not exceed $74,999.00, excluding interest and costs.

## IV.
## BACKGROUND

This lawsuit involves not only a denial of medically necessary care and benefits, but a pattern and practice of alarming, dangerous and abusive practices by a health insurer and its representatives. The conduct described herein is particularly reprehensible and shameful because BCBS touts itself, through various mediums, as a protector, good guy, and coming to the aid of its insureds. The facts in this lawsuit will

demonstrate BCBS: (1) instigated a strategic campaign of harassing and interfering with their insured's dire need for continued medical care; (2) disrupted and interfered with medical treatment not only for J.W., but with those healthcare providers who provide mental health care to J.W.; and (3) asserted an entitlement to unreasonable and pre-textual reviews of J.W.'s medical care, all culminating in the denial of benefits for J.W. at the requisite facility level (residential) that is medically necessary for J.W., such that Wisch was forced to pay out of pocket for this necessary medical care. The conduct described herein is part of a well-designed scheme of micromanaging, interfering and obstructing an insured's medical treatment, including mental health, particularly for minors when an insurer seeks to stop paying for care it subjectively and unreasonably deems is too expensive.

Wisch is the mother of J.W., a seventeen (17) year old minor. Wisch purchased a policy of insurance from BCBS providing a wide range of coverages, including treatment at psychiatric and/or residential facilities for mental illness and other conditions (the "BCBS Policy"). At all times material, the BCBS Policy has remained in full force and effect.

Tragically, J.W. made several suicide attempts within an eleven (11) month period, the last one resulting in J.W. being hospitalized and placed on a ventilator in I.C.U. According to medical professionals, J.W. required long term care at a psychiatric and/or residential treatment facility. Thereafter, and pursuant to the advice and direction from J.W.'s healthcare professional(s), J.W. began long term care at a well recognized residential facility for adolescents.

Wisch's BCBS Policy provides coverage for J.W.'s care, including costs of residential treatment for both in and out of network benefits, room and board, and other services. Almost from the outset, BCBS fought J.W.'s admission at residential treatment facilities and began a campaign of harassment and interference with J.W.'s treatment by, among other things, repeatedly demanding review of J.W.'s care very frequently—with the purpose of driving J.W. out of such facilities in spite of stated medical need and coverage under the BCBS Policy issued to Wisch and covering J.W.

J.W.'s healthcare providers regularly and medically evaluated J.W. and concluded J.W. had a demonstrable and critical need for full time residential medical care and supervision due to severe depression, high risk of suicide and self-harm, a danger to himself, fragile insight, mood reactivity, life threatening high risk behaviors, and the need to monitor and treat with various medications. These dedicated medical professionals, as well as Wisch, noted that J.W. was quite vulnerable for completion of suicide, especially at night. These doctors have expressed their clinical fear and opinion that J.W.'s well-planned suicide attempts would be successful in the future if he does not receive twenty-four (24) hour care/monitoring at a residential treatment facility. These doctors noted that other levels of care would not be successful or appropriate, and would not permit J.W. to properly and adequately receive necessary medical treatment. J.W.'s healthcare providers provided an objective and indisputable medical basis for J.W.'s continued residential medical treatment, including the level of care he received at the residential treatment facility.

Upon information and belief, BCBS has a conscious, planned, and designed strategy of demanding and/or requesting repeated reviews of a patient's stay in a mental health facility. This plan and scheme is intended to require healthcare providers to provide unreasonable and persistent reviews for a patient's continued treatment with the hopes of the providers and the patient giving up, discharging a patient and/or providing less than necessary medical care. As part of BCBS's plan and scheme, a medical provider is forced to spend unnecessary, but time consuming, participation in reviews resulting in the medical provider being unable to provide the services to which BCBS objects. It is a win for BCBS but a demonstrable and tragic loss for J.W. and other patients similarly situated.

Healthcare providers are forced to endure BCBS' pre-textual nonsense because insurers, like BCBS, have created an intolerable situation by useless and time consuming exercises which take away valuable time for the care of patients. BCBS takes away what insureds paid for through a designed campaign and strategy of harassing insureds and their healthcare providers when an insured receives treatment at a mental health facility, including residential treatment.

After hounding J.W.'s medical providers and Wisch repeatedly and trying to run J.W. off from one residential treatment facility in order to downgrade J.W.'s level of care, J.W. was moved to another residential treatment facility with the ultimate goal of transitioning J.W. home. BCBS was aware of this change in facilities. Benefits were verified by the new residential facility, but BCBS denied coverage despite the fact that residential treatment is a covered benefit under the BCBS Policy and was documented

as being medically necessary for J.W. Due to this denial, Wisch was forced to pay out of pocket for J.W.'s medically necessary residential treatment.

Wisch timely and properly submitted her claims to BCBS in the hopes BCBS would reverse its prior denial. Despite having residential treatment benefits under the BCBS Policy and proof that a residential treatment facility was medically necessary for J.W., BCBS refused to pay Wisch's covered claim. In addition, when J.W. was transitioned home, medically necessary overnight supervision expenses were incurred. But again, BCBS refused to pay these expenses.

Demands and notice were provided to BCBS, but predictably, BCBS again refused to pay. Only when litigation is pursued does BCBS pay.

For J.W. and Wisch, they are the latest casualties of BCBS's scheming, which includes breach of duties and obligations under the BCBS Policy and under the law. Wisch, as the mother of J.W., was expected to pay for the treatment her son so desperately needed by paying extraordinary sums even though she purchased the BCBS Policy to cover the very treatment that medical professionals have substantiated her son must have. Wisch and J.W. are not alone, as BCBS's conduct has been well documented in various mediums, including *60 Minutes*.

## V.
## BREACH OF CONTRACT

The conduct of BCBS, as described herein, constitutes a breach of contract. BCBS has violated the material terms of the contract of insurance it sold and issued to Wisch and for which J.W. is an insured. As a result, J.W. and Wisch have suffered damages.

## VI.
## VIOLATION OF THE TEXAS PROMPT PAY STATUTE

The conduct of BCBS, as described herein, violates the Texas Prompt Pay Statute, Texas Insurance Code Annotated Section 542.501, *et seq.*, entitling Wisch to the amount of all unpaid claims, 18% interest per annum, reasonable attorney's fees and costs, and all other available remedies. Wisch seeks all available damages and remedies.

## VII.
## VIOLATIONS OF THE TEXAS INSURANCE CODE AND THE TEXAS DECEPTIVE TRADE PRACTICES ACT

BCBS is engaged in the business of insurance. The conduct of BCBS, as described herein, violates Texas Insurance Code Annotated Sections 541.051, 541.060, and 541.061 as well as the Texas Deceptive Trade Practices Act, Texas Business and Commerce Code Section 17.46 in one or more of the following respects:

1. Making, issuing and/or circulating or causing to be made, issued, and/or circulated an illustration or statement misrepresenting a policy to be issued, the terms of the policy, and/or advantages and disadvantages of the policy, particularly mental health coverage, including treatment at a residential treatment facility;

2. Misrepresenting to Wisch a material fact or policy provision relating to coverage under the BCBS Policy, including residential treatment coverage for J.W.;

3. Failing to attempt in good faith to effectuate a prompt, fair, and equitable resolution of J.W.'s treatments (claims) where liability of BCBS was reasonably clear;

4. Failing to provide a reasonable explanation of the basis in the policy for refusing to pay for all and/or parts of J.W.'s treatment, particularly after previously approving the same level of care that BCBS ultimately denied;

5. Refusing to pay all claims for J.W. without conducting a reasonable investigation and/or conducting a pre-textual investigation;

6. Making untrue statements of material fact; and

7. Causing confusion and/or misunderstanding as to the source, approval and/or certification of the BCBS Policy and the terms thereunder.

Such conduct was a producing cause of Wisch's injuries and/or damages. The conduct described above was committed knowingly and/or intentionally, entitling Wisch to additional damages.

## VIII.
## DAMAGES AND ATTORNEYS FEES

In addition to actual damages, Plaintiffs rightfully seek recovery of any and all additional and/or extra damages and any and all other damages as allowed and defined by statute or common law for the knowing and intentional conduct of Defendant. Plaintiffs also make demand of Defendant to pay all costs of court related to the prosecution of this matter.

As a result of the foregoing, Plaintiffs employed the services of The Law Office of Mark A. Ticer to protect and prosecute their interests and claims in this matter. Plaintiffs seek recovery of their reasonable attorney's fees for the prosecution of this case, all necessary original proceedings, and all related appellate matters.

As a result of the conduct of Defendant, Plaintiffs have incurred damages and been damaged in a total sum in excess of the minimal jurisdictional limits of this Court, but total damages and fees do not exceed $74,999.00, excluding interest and costs.

## IX.
## JURY DEMAND

Wisch and J.W. hereby demand a trial by jury.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Wisch and J.W. pray that BCBS be served with process and a copy of this suit and that following BCBS' answer herein and that, upon final trial of this matter, Wisch and J.W. have:

1. Judgment against Defendant BCBS for a just and reasonable sum; for all extra and/or additional damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act; and judgment for all reasonable attorney's fees, but in a total amount not to exceed $74,999.00 in total damages, excluding interests and costs;

2. Judgment for all prejudgment and post-judgment interest for which Plaintiffs may show themselves to be justly entitled and at the maximum legal rate allowable by law;

3. Judgment for all costs of court; and

4. Judgment for all such other and further relief, whether at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

LAW OFFICE OF MARK A. TICER

By: */s/ Mark A. Ticer*
    Mark A. Ticer
    State Bar #20018900
    mticer@ticerlaw.com
    Jennifer W. Johnson
    State Bar #24060029
    jjohnson@ticerlaw.com
    10440 N. Central Expressway
    Suite 600
    Dallas, Texas 75231
    (214) 219-4220
    (214) 219-4218 (FAX)

***ATTORNEYS FOR PLAINTIFFS***

Case 3:16-cv-02422-N   Document 1-1   Filed 08/19/16   Page 16 of 20   PageID 20

FILED
DALLAS COUNTY
8/15/2016 9:31:51 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-08409

| | | |
|---|---|---|
| JUDITH WISCH, INDIVIDUALLY AND AS NEXT FRIEND OF J.W., A MINOR, | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § § § § | |
| Defendants. | § | 193RD JUDICIAL DISTRICT |

## ORIGINAL ANSWER

Defendant Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company, files this Original Answer.

Defendant denies each and every, all and singular, the material allegations contained in the Plaintiff's Original Petition and demands strict proof by a preponderance of the evidence. This constitutes a general denial pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that Plaintiffs take nothing by this lawsuit and Defendant recover its costs. Defendant further requests such other relief, both legal and equitable, to which it may itself justly entitled.

DEFENDANT'S ORIGINAL ANSWER    EXHIBIT 4    Page 1 of 2

Respectfully submitted,

By: /s/ Andrew F. MacRae
ANDREW F. MACRAE
*State Bar No. 00784510*
LEVATINO|PACE PLLC
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Tel: (512) 637-1581
Fax: (512) 637-1583
andrew@lpfirm.com

Attorney for Defendant
Blue Cross Blue Shield of Texas

## CERTIFICATE OF SERVICE

I hereby certify that I forwarded a true and correct copy of this Original Answer on August 15, 2016, via e-mail, to the following counsel of record:

Mark A. Ticer
mticer@ticerlaw.com
Jennifer W. Johnson
jjohnson@ticerlaw.com
10440 N. Central Expressway
Suite 600
Dallas, Texas 75231
(214) 219-4220
(214) 219-4218 (FAX)

/s/ Andrew F. MacRae
Andrew F. MacRae

# Law Office of Mark A. Ticer

10440 N. Central Expressway
Suite 600
Dallas, Texas 75231
(214) 219-4220

Outside Dallas, Call
1 (800) 963-3378

Mark A. Ticer
mticer@ticerlaw.com

FACSIMILE
(214) 219-4218

April 15, 2016

*Via email: brian.kavanaugh@kirkland.com*
*and Facsimile: 312-882-2000*
Mr. Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Re:  ▓▓▓Wisch

Dear Mr. Kavanaugh:

Once again I find myself writing you because your client Blue Cross/Blue Shield of Texas ("BCBS") refuses to honor the insurance policy it issued to Judith Wisch (the "Policy") and insuring ▓▓▓Wisch ("▓▓▓"). While you have previously attempted to explain away your client's failure to abide by the terms of the policy and justify its other conduct including fraudulent inducement, your client cannot escape the facts, the law, and its own disturbing history.

▓▓▓ required residential treatment whether he was at Youth Care or Lava Heights. No amount of BCBS's hired consultants who routinely deny such claims in the face of medical necessity will change that fact and can override the credibility, competence, and firsthand knowledge of ▓▓▓'s medical providers. The use of discredited consultants, adjusters with criminal pasts, and a business model employed by your client all fail when faced with facts, the Policy, the applicable standard of care, and plain common sense.

BCBS's offer of a lower level of care to ▓▓▓ is the same tired, discredited, and superficial excuse that BCBS has been trying since the outset of ▓▓▓'s admission to Youth Care. BCBS's solution is like suggesting a cancer patient being told an aspirin would suffice in lieu of chemotherapy.

Without the benefit of the BCBS coverage Ms. Wisch paid for, she was still able to transition ▓▓▓ home. However, she was still entitled to benefits under her Policy for ▓▓▓ continued treatment thru December 31, 2015. This includes overnight care for

EXHIBIT 5

Mr. Brian P. Kavanaugh
April 15, 2016
Page 2

---

███, therapy, medications, laboratory tests, and other treatments. But, like your client's refusal to pay for ███'s medically necessary treatment at Lava Heights, this same state of mind persists with these expenses. Whether in a residential treatment facility or at home, BCBS's analysis is the same – wrong.

This will be the only letter your client will receive before we file suit. There is no need to threaten what we will do if suit is filed. You all are quite aware that we are well versed in how BCBS operates when dealing with mental health matters and coverage. It is one of the worst kept secrets that BCBS employs a corporate mentality that has been exposed by the media, in other lawsuits, and what has taken place with ███. Not even a talented tall building lawyer from Chicago employed by a national law firm known for representing large corporations, insurers, and attacking our President will change the outcome. Please note your elicit appeals in Texas where we hold insurers accountable and recognize a pig is still a pig even if you put a tuxedo on it.

Demand is hereby made for the sum of $43,068.00 plus the sum of $5,000.00 in attorney's fees payable to Judith Wisch by April 29, 2016. The backup for this demand is hereto attached as *Exhibit 1*.

Should this demand not be paid in full, suit will be filed as we were forced to do before.

Hopefully BCBS will use this opportunity wisely.

Very truly yours,

Mark A. Ticer

MAT/dlg
Enclosure
cc:   J. Wisch

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **JUDITH WISCH, INDIVIDUALLY AND AS NEXT FRIEND OF J.W., A MINOR,** § § § | |
| **Plaintiff,** § § | |
| v. § § | No. 3:16-cv-2422 |
| **BLUE CROSS BLUE SHIELD OF TEXAS,** § § § § | |
| **Defendants.** § | |

## DECLARATION OF ANDREW F. MacRAE

STATE OF TEXAS        §

COUNTY OF TRAVIS   §

    1.    My name is Andrew F. MacRae. I am over the age of eighteen (18) years and fully competent in all respects to make this Declaration. I have personal knowledge of the facts stated herein and they are true and correct. I am counsel of record for Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation.

    2.    On December 31, 1998, Blue Cross Blue Shield of Texas, Inc. merged with Blue Cross Blue Shield of Illinois into Health Care Service Corporation ("HCSC"), which is a Mutual Legal Reserve Company. HCSC is an Illinois corporation, with its principal place of business in Chicago, Illinois. Since December 31, 1998, Blue Cross Blue Shield of Texas ("BCBSTX") has been, and still is, a division of HCSC.

    3.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 19, 2016.

                                              /s/ Andrew F. MacRae
                                              Andrew F. MacRae

***EXHIBIT 6***